UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID E. HENDERSON
4636 Atlas, #8
El Paso, Texas 79904
(915) 759-0021

v.

GREG ALLEN
Chief of Police
City of El Paso, Texas
711 N. Raynor
El Paso, Tx 79901

and

MARTHA RAMIREZ
Manager, Sunnyside Apartments
4636 Atlas #8
El Paso, Tx 79904

and

GARY FORAN
4636 Atlas #8
El Paso, Tx 79904

**FILED**

APR 30 2008

**Clerk, U.S. District and Bankruptcy Courts**

JURY ACTION

Case: 1:08-cv-00748
Assigned To : Unassigned
Assign. Date : 4/30/2008
Description: Civil Rights-Non-Employ.

RECEIVED

APR 1 2008

Clerk, U.S. District and
Bankruptcy Courts

1

Plaintiff moved into
Sunnyside Apartments
December 3, 1996. Sunnyside
is an MH/MR-Mental
Health-Mental Redardation
facility which is
subsidized by HUD,
the city/county of El
Paso and Texas Health
Services. Plaintiff, who
is a Disabled Veteran
was given a certificate
of housing saying he
was under extreme

Depression and related Psychological Ailments which impeded full life as an adult.

Plaintiff is 81 years old and over the past ten years has also experienced some severe physical deterioration including a crippled right knee, which impede normal functioning.

Plaintiff was moved into Sunnyside by

4

MP/MR supervisors and other federal entities over the objection of Miss Ramirez, the 17 year Manager of Sunnyside. Since Plaintiff resumed her residence over 11 years ago Ms. Ramirez has attempted to force Plaintiff out of his home through a continuous threats and harassment. This program is detailed

by Miss Ramirez in
the three inch thick
folder she keeps on his
floor/cabinet.

A side from personal
animus against plaintiff
(since plaintiff described
Miss Ramirez as a
"Fat, Lazy, Lesbian",
Miss Ramirez is now
incited by the local
police in her program
of harassment/eviction.
Plaintiff has previously

6

and is now pursuing his remedies of the Federal violations of his rights with other venues.

Plaintiffs hesitation to stop his case less eviction attempts was the fact that Miss Ramirez is obviously under the color of Law in his violation of Plaintiffs Human and constitutional Rights.

2

In January 2006, Defendant Gary Foran (an alias) took up residence in Apartment nine kitty corner from Apartment F which Plaintiff has occupied since 1996. Foran is an undercover El Paso, Police Narcotics investigator, is a an expert "Lock smen", he can pick or jam any lock including residential

stolen mail from his
residential/apartment/
common mail box.

On January 30, 2008,
astoundingly, Miss
Ramirez assigned Faran
to the second apartment/
bedroom shared by Faran
and Plaintiff in close
proximity. Faran
immediately started an
intense program of
harassment to drive
Plaintiff out of his

10

Domicile rang ing
from Blowing large
smoke rings in his
face to a continuell
serein of small/petty
Thefts which are
continuing including
Plaintiffs new black
Dock Phone/Book.
Toron also jammell
the unit toilet so
badly that $160
of damage was done
which is being charged to Plaintiff.

Plaintiff Demands $400 million Damages, tripled by Punitive Damages for $1.2 billion tripled by RICO for a total $3.6 billion General Damages.

Plaintiff also seeks Injunctive Relief against the Terror ot Program carried out by the Defendants

Plaintiff requests a Jury Trial.

12

DAVID E HENDERSON
PO BX 2300 4
E) P, TX 19923

| | | | |
|---|---|---|---|
| **I N C I D E N T  D A T A** | Agency Name *El Paso Police Department* | **INCIDENT / INVESTIGATION REPORT** | OCA *07-320293* |

**INCIDENT / INVESTIGATION REPORT**

Agency Name: *El Paso Police Department*
OCA: *07-320293*
ORI: *TX0710200*
Date / Time Reported: *FR Nov 16, 2007    16:54*

| | Crime Incident | Equiv Code 00712 | UCR:23H | Local Statute: 31.03(E)(1)(A) | ☐ Att ☑ Com |
|---|---|---|---|---|---|
| #1 | *THEFT PROP <$50 (SHOPLIFTING)* | | | | |
| #2 | Crime Incident | Equiv Code. | UCR: | Local Statute. | ☐ Att ☐ Com |
| #3 | Crime Incident | Equiv Code: | UCR: | Local Statute: | ☐ Att ☐ Com |

Last Known Secure: *WE Nov 14, 2007    09.00*
At Found: *WE Nov 14, 2007    12:00*

Location of Incident: *4635 Atlas Av Apt. 8, El Paso, TX 79904*
Premise Type: *Residence/Home*
Offense Tract: *NERC*

**MO**

How Attacked or Committed: *Accomplices(Unknown), Presence Of Victim(Unknown)*

Weapon / Tools: Forcible Entry ☐ Yes ☐ No ☑ N/A

**VICTIM**

# Victims *1*   Type *Individual*   Injury *None*   Residency Status *Resident*

| V1 | Victim/Business Name (Last, First, Middle) *Henderson, David* | Victim of Crime # *1* | Age / DOB *61* *10/23/1946* | Race *W* | Sex *M* |
|---|---|---|---|---|---|
| | | Relationship to Offenders | | | |

Home Address: *4635 Atlas Av Apt. 8, El Paso, TX 79904*
Home Phone: *759-0021*
Employer Name/Address: *Retired*
Business Phone:

| VYR | Make | Model | Style | Color | Lic/Lis | VIN |
|---|---|---|---|---|---|---|
| | | | | | | |

**OTHERS INVOLVED**

CODES  V- Victim (Denote V2, V3)  O = Owner (if other than victim)  R = Reporting Person (if other than victim)  I = Other Involved

| Code | Name (Last, First, Middle) | Victim of Crime # | Age / DOB | Race | Sex |
|---|---|---|---|---|---|
| | | | | | |

Home Address:
Home Phone:
Employer Name/Address:
Business Phone:

| Code | Name (Last, First, Middle) | Victim of Crime # | Age / DOB | Race | Sex |
|---|---|---|---|---|---|
| | | | | | |

Home Address:
Home Phone:
Employer Name/Address:
Business Phone:

**PROPERTY**

Status Codes  L = Lost  S = Stolen  R = Recovered  D = Damaged  Z = Seized  B = Burned  C = Counterfeit / Forged  F = Found  U = Unknown
(Check "OJ" column if recovered for other jurisdiction)

| Victim # | UCR | Status - Date | Value | OJ | QTY | Property Description | Make/Model | Serial Number |
|---|---|---|---|---|---|---|---|---|
| | 77S | S - 11/14/2007 | $1.00 | | 1.00 | 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 | | |
| | 77O | S - 11/14/2007 | $1.00 | | 1.00 | Misc Paperwork | | |
| | 77O | S - 11/14/2007 | $1.00 | | 1.00 | Syringes | | |
| | | | | | | | | |

08 0748
FILED
APR 30 2008
Clerk, U.S. District and Bankruptcy Courts

Number of Vehicles Stolen *0*    Number Vehicles Recovered *0*

**ID**

Officer: *(02485) KISLENGER, SUSAN M*
Officer Signature:
Supervisor Signature: *(01347) HOLMES, JAMES A JR*

Complainant Signature:
Case Status: *Further Investigation November 16,*
Case Disposition:

PUBLIC RECORD INFORMATION
ALL CASE ELEMENTS SUBJECT TO NONDISCLOSURE
HAVE BEEN REMOVED IN ACCORDANCE WITH THE
TEXAS OPEN RECORDS ACT (§252-17a V.A.C.S.)
DATE: *4-8-08*  BY: *C1222*  TO: *Henderson*

# cident / Investigation Report

*El Paso Police Department*

OCA: 07-320293

| Status Codes | L = Lost    S = Stolen    R = Recovered    D = Damaged    Z = Seized    B = Burned    C = Counterfeit / Forged    F = Found    U = Unknown |
|---|---|

**DRUGS**

| Status | Quantity | Type Measure | Suspected Drug Type | |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**OFFENDR**

| Offender(s) Suspected of Using | Offender 1 | Offender 2 | Offender 3 | Primary Offender Resident Status |
|---|---|---|---|---|
| ☐ Drugs   ☑ N/A<br>☐ Alcohol<br>☐ Computer | Age:    Race    Sex:<br>Ssn. | Age:    Race:    Sex:<br>Ssn. | Age:    Race:    Sex:<br>Ssn | Resident<br>Non-Resident<br>Unknown |
| | Offender 4 | Offender 5 | Offender 6 | |
| | Age    Race    Sex:<br>Ssn. | Age:    Race:    Sex:<br>Ssn: | Age:    Race    Sex<br>Ssn: | |

**OFFENDER**

| Name (L, F M)<br>AKA | | Home Address | | Home Phone |
|---|---|---|---|---|
| SSN | Occupation | Business Address | | Business Phone |

| DOB.  /  Age | Race | Sex | Hgt | Wgt | Build | Hair Color | Eye Color |
|---|---|---|---|---|---|---|---|
| | | | | | Hair Style | Hair Length | Glasses |

Scars, Marks, Tatoos, or other distinguishing features (i.e. limp, foreign accent, voice characteristics)

| Hat | | Shirt/Blouse | | Coat/Suit | | Socks |
|---|---|---|---|---|---|---|
| Jacket | | Tie/Scarf | | Pants/Dress/Skirt | | Shoes |

| Was Suspect Armed? | Type of Weapon | | Direction of Travel | | Mode of Travel |
|---|---|---|---|---|---|

| VYR | Make | Model | Style/Doors | Color | Lic/Lis | | Vin |
|---|---|---|---|---|---|---|---|

Suspect Hate / Bias Motivated:    ☐ Yes  ☑ No    Type:

**WITNESS**

| Name (Last, First, Middle) | | SSN: | D.O.B. | Age | Race | Sex |
|---|---|---|---|---|---|---|
| Home Address | | Home Phone | Employer | | | Phone |

**NARRATIVL**

OFFICER S.KISLENGER #2485, WORKING AS #2S365, WAS DISPATCHED TO   ADDRESS OF OCCURRENCE IN REFERENCE TO A BURGLARY OF HABITATION   CALL.  UPON ARRIVAL, OFFICER MET WITH VI-01 HENDERSON WHO STATED THAT HE HAD BEEN THE VICTIM OF THEFT.

VI-01 HENDERSON STATED ON LISTED DATE BETWEEN LISTED TIMES   SOMEONE HAD TAKEN THE LISTED PROPERTY FROM HIS RESIDENCE.  VI-01  WAS UNSURE WHETHER THE APARTMENT DOOR HAD BEEN LOCKED OR  UNLOCKED. OFFICER OBTAINED ALL NECESSARY INFORMATION FROM VI-01, ISSUED HIM AN INCIDENT INFORMATION CARD AND ADVISED ACCORDINGLY. **SEE SUPPLEMENT FOR FURTHER DETAILS.**

PUBLIC RECORD INFORMATION
ALL CASE ELEMENTS SUBJECT TO NONDISCLOSURE HAVE BEEN REMOVED IN ACCORDANCE WITH THE TEXAS OPEN RECORDS ACT (6252-17a V.A.C.S.)
DATE:          BY:          TO:

# INCIDENT / INVESTIGATION REPORT

**Agency Name**
El Paso Police Department

**OCA** 08-078206

**ORI**
TX0710200

**Date / Time Reported**
TU Mar 18, 2008          21:33

### INCIDENT DATA

| | | | | | | |
|---|---|---|---|---|---|---|
| #1 | Crime Incident  Equiv Code 00712 | UCR 23H | Local Statute 31 03(E)(1)(A) | ☐ Att ☑ Com | **Last Known Secure** MO Mar 17, 2008          12:00 |
| | THEFT PROP <$50 (ALL OTHERS) | | | | |
| #2 | Crime Incident  Equiv Code: | UCR | Local Statute | ☐ Att ☐ Com | **At Found** MO Mar 17, 2008          12:00 |
| #3 | Crime Incident  Equiv Code | UCR | Local Statute | ☐ Att ☐ Com | |

**Location of Incident** 4635 Atlas Av Apt. 8, El Paso, TX 79904

**Premise Type** Other Residence

**Offense Tract** NERC

### MO

**How Attacked or Committed** Accomplices(Unknown)

**Weapon / Tools**          Forcible Entry ☐ Yes ☐ No ☑ N/A

### VICTIM

**# Victims** 1  **Type** Individual          **Injury** None          **Residency Status**

| | |
|---|---|
| **V1** | **Victim/Business Name (Last, First, Middle)** RESTRICTED |

**Victim of Crime #** 1

**Relationship to Offenders**

**Age / DOB**   **Race**   **Sex**

**Home Address**          **Home Phone**

**Employer Name/Address**          **Business Phone**

| VYR | Make | Model | Style | Color | Lic/Lis | VIN |
|---|---|---|---|---|---|---|

### OTHERS INVOLVED

**CODES:  V- Victim (Denote V2, V3)  O = Owner (if other than victim)  R = Reporting Person (if other than victim)  I = Other Involved**

| Code | Name (Last, First, Middle) | Victim of Crime # | Age / DOB | Race | Sex |
|---|---|---|---|---|---|
| **I1** | RESTRICTED | | | | |

**Home Address**          **Home Phone**

**Employer Name/Address**          **Business Phone**

| Code | Name (Last, First, Middle) | Victim of Crime # | Age / DOB | Race | Sex |
|---|---|---|---|---|---|

**Home Address**          **Home Phone**

**Employer Name/Address**          **Business Phone**

### PROPERTY

**Status Codes**  L = Lost  S = Stolen  R = Recovered  D = Damaged  Z = Seized  B = Burned  C = Counterfeit / Forged  F = Found  U = Unknown
(Check "OJ" column if recovered for other jurisdiction)

| Victim # | UCR | Status - Date | Value | OJ | QTY | Property Description | Make/Model | Serial Number |
|---|---|---|---|---|---|---|---|---|
| | 770 | S - 3/18/2008 | $26.00 | | 1 00 | One U.s. Christianity Book | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**Number of Vehicles Stolen** 0          **Number Vehicles Recovered** 0

### ID

**Officer** (02563) GONZALEZ, MANUEL JR          **Officer Signature**

**Supervisor Signature** (01701) JIMENEZ, VIRGINIA E

**Complainant Signature**

**Case Status.** Further Investigation
March 18, 2008

**Case Disposition.**

Printed at: 4/8/2008  13:17 by user: C1222          Page:  1

PUBLIC RECORD INFORMATION
ALL CASE ELEMENTS SUBJECT TO NONDISCLOSURE
HAVE BEEN REMOVED IN ACCORDANCE WITH THE
TEXAS OPEN RECORDS ACT (§282.17a V.A.C.S.)
DATE: 4-8-08  BY: C1222  TO: Henderson

# cident / Investigation Report

*El Paso Police Department*

OCA: *08-078206*

| Status Codes | L = Lost | S = Stolen | R = Recovered | D = Damaged | Z = Seized | B = Burned | C = Counterfeit / Forged | F = Found | U = Unknown |
|---|---|---|---|---|---|---|---|---|---|

**D R U G S**

| Status | Quantity | Type Measure | Suspected Drug Type |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**O F F E N D R**

| Offender(s) Suspected of Using | Offender 1 | Offender 2 | Offender 3 | Primary Offender Resident Status |
|---|---|---|---|---|
| ☐ Drugs   ☑ N/A | Age:   Race:   Sex: | Age:   Race:   Sex: | Age:   Race:   Sex: | Resident |
| ☐ Alcohol | Ssn: | Ssn: | Ssn: | Non-Resident |
| ☐ Computer | **Offender 4** | **Offender 5** | **Offender 6** | Unknown |
| | Age:   Race:   Sex | Age:   Race   Sex: | Age   Race:   Sex: | |
| | Ssn: | Ssn. | Ssn | |

**O F F E N D E R**

| Name (L, F M)         AKA | | | Home Address | | Home Phone |
|---|---|---|---|---|---|
| SSN | Occupation | | Business Address | | Business Phone |

| DOB.  /  Age | Race | Sex | Hgt | Wgt | Build | Hair Color | Eye Color |
|---|---|---|---|---|---|---|---|
| | | | | | Hair Style | Hair Length | Glasses |

Scars, Marks, Tatoos, or other distinguishing features (i e. limp, foreign accent, voice characteristics)

| Hat | Shirt/Blouse | Coat/Suit | Socks |
|---|---|---|---|
| Jacket | Tie/Scarf | Pants/Dress/Skirt | Shoes |

| Was Suspect Armed? | Type of Weapon | Direction of Travel | Mode of Travel |
|---|---|---|---|

| VYR | Make | Model | Style/Doors | Color | Lic/Lis | Vin |
|---|---|---|---|---|---|---|

Suspect Hate / Bias Motivated:    ☐ Yes  ☑ No    Type

**W I T N E S S**

| Name (Last, First, Middle) | SSN: | D.O.B. | Age | Race | Sex |
|---|---|---|---|---|---|
| Home Address | Home Phone | Employer | | | Phone |

**N A R R A T I V E:**

Officer M. Gonzalez#2563, working as unit 2S167, was dispatched to the address of occurrence in reference to a theft. On arrival, Officer met with VI-01 who stated that OF-01 had stolen the listed item. See supplement for further details.

PUBLIC RECORD INFORMATION
ALL CASE ELEMENTS SUBJECT TO NONDISCLOSURE HAVE BEEN REMOVED IN ACCORDANCE WITH THE TEXAS OPEN RECORDS ACT (6252-17a V.A.C.S.)
DATE:          BY:          TO:

# In the United States Court of Federal Claims

### No. 08-235C
### (Filed: April 3, 2008)

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
                                            *
DAVID E. HENDERSON,                         *
                                            *
                    Plaintiff,              *
                                            *
v.                                          *
                                            *
THE UNITED STATES,                          *
                                            *
                    Defendant.              *
                                            *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

## ORDER DISMISSING CASE FOR
## LACK OF SUBJECT MATTER JURISDICTION

Pending before the court is <u>pro se</u> plaintiff David E. Henderson's ("plaintiff" or "Henderson") complaint filed April 1, 2008. Mr. Henderson's complaint apparently alleges that the defendant, the United States ("defendant" or "government"), through the United States Veterans' Administration Clinic ("VA Clinic") in El Paso, Texas and the William Beaumont Army Medical Center ("WBAMC") in El Paso, TX, violated its duties by not providing Mr. Henderson with adequate medical care. Compl. at 2. Mr. Henderson contends that the VA Clinic did not provide him with the correct dose of insulin, which caused him to suffer a stroke. Compl. at 3. Accordingly, Mr. Henderson seeks $2.7 billion in damages from the government under the Tucker Act, 28 U.S.C. § 1491 (2000). Compl. at 1.

*[handwritten margin note: wrong type]*

Because Mr. Henderson is proceeding <u>pro se</u>, he is entitled to a liberal construction of his pleadings. <u>See, e.g.</u>, <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980) (holding that <u>pro se</u> complaints must be held to "less stringent standards than formal pleadings drafted by lawyers" (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972)); <u>McSheffrey v. United States</u>, 58 Fed. Cl. 21, 25 (2003). However, a <u>pro se</u> plaintiff must still satisfy the court's jurisdictional requirements. <u>Bernard v. United States</u>, 59 Fed. Cl. 497, 499 (2004) ("This

does not identify any separate money-mandating statute upon which to base his claim for damages. A mere reference to the Tucker Act in a plaintiff's complaint, without the identification of a separate money-mandating constitutional provision, statute, or regulation creating a right to seek monetary damages from the government, is not sufficient to support a claim for damages against the United States, and does not provide this court with jurisdiction over Mr. Henderson's claim. See, e.g., Adair, 497 F.3d at 1250 ("Thus, the Tucker Act does not create any substantive right enforceable against the United States for money damages, but merely confers jurisdiction when such a right is conferred elsewhere.").

Here, to the extent that Mr. Henderson seeks damages for an alleged tort committed by the United States, this court does not have jurisdiction to entertain Mr. Henderson's allegations. It is well-settled that the Tucker Act's jurisdictional grant does not extend to cases sounding in tort. See 28 U.S.C. § 1491(a)(1); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993); Edelmann v. United States, 76 Fed. Cl. 376, 380 (2007). Furthermore, to the extent that Mr. Henderson alleges any claim against the Veterans' Administration ("VA"), such a claim must be presented directly to the VA. 38 U.S.C. § 511(a) (2000) ("The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans."). VA decisions may then be reviewed by the Board of Veterans' Appeals, 38 U.S.C. § 7104(a) (2000), and subsequently by the Court of Appeals for Veterans Claims. 38 U.S.C. § 7252(a) (2000) ("The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review the decisions of the Board of Veterans' Appeals.").

For all of the foregoing reasons, the plaintiff's complaint is **DISMISSED** for lack of subject matter jurisdiction. The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Judge

-3-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID E. HENDERSON
        Plaintiff,

V.                              Civil Action No.
                                06-0233 (RCL)

CONDOLEEZA RICE, Secretary,
    of State, US Department of
    State,
            Defendant.

PLAINTIFF'S MOTION
TO REOPEN AND
ADDITIONAL DEFENDANT

    The Court Dismissed

This Case on or about December

6, 2006. Plaintiff does not

know the exact Order

because Defendant's Agents

and Employees have

repeated by 2 stolen Plaintiffs
Documents repeatedly.

On April 8, 2007
Defendant served by
Mail to Miss Joanne
Lishman, Esquire css;
the Director of the
State Department
Grievance Staff. Although
Congressman Reyes
confirms that the
OF-136- application for
Retirement was received,
Miss Lishman however

acknowledged receipt of the
Application for Retirement
let alone act on it, it is
an outrageous violation
of Plaintiff's right
of Due Process.

The April, 2007
Application for Medical
Retirement was the
Ninth time that
Defendant had submitted
his Retroactive Medical
Retirement since Aug ust
30, 1994, including

4

direct submission to undersecretary of State for Management Richard Moose in 1996 and 1997.

Secretary Moose's submission to the Administrative Bureau "A" was derailed by Legal Advisor for Criminal Cases Rowan Gaither, a Maryland attorney and was never responded.

On February 8, 2007

5

Plaintiff mailed a
letter to Jacqueline
Ratners the Executive
Director of the Foreign
service Board, pointing
out that Plaintiff's
Nine Formal Applications
for Medical Retirement,
over a twelve year
period with no responses
could have effectively
considered the application
to be Denied. Plaintiff
Demanded that Ms.

Ratner [6] Panel of session of the Foreign Service Grievance Board to rule the Application for Medical Retirement, giving Mr. Ratner 60 Days to Panel the Grievance Panel in 60 days or by April 8, 2008.

Mr. Ratner did nothing, his staff persistent telling Plaintiff that Mr.

Ratner had not even looked at the full file cabinet of grievances and litigation extending back to 1976.

Plaintiff appealed the Lead Attorney/Counselor at the American Foreign Service Association AFSA, Plaintiff's Bargaining Unit for State.

Ms. Papp at AFSA conspired with Ms.

8

Gishman and Ms. Ratner
to keep plaintiff his
legal and contractual
and Equitable remedies
to apply a Retroactive
Medical Retirement.

The Foreign service
Board is an independent
Board of the State
Department, and is
given the sole place
a Medical Retirement is
be Litigated Administratively
Plaintiff requests

that the [9] Court add
the Foreign service
Board to the defendent
the state Department.
Plaintiff repeats
that he be given
a Retroactive Medical
Retirement to February
20 1981 at the average
rate of his Piers,
Promotions, plus
ten percent interest.
Given the Outrageous
Obfuscation and

Delay of the Grievance
Board and the Grievance
staff Plaintiff requests
that he received triple
punitive Damages,
trebled by RICO
since Plaintiff is
mathmetally challenged
so Plaintiff requests
that the total Judgement
by determined.

Plaintiff requests a
Jury Trial of all Issues.

Respectfully submitted

David E. Henderson
pro se
4635 Atlas #8
El Paso, Tx 79904
P O box 23004
El Paso, TX 79923
(915) 759-0021

CERTIFICATE OF
SERVICE

I hereby certify that
I mailed a copy of the
above to on April 1, 2008

MEGAN ROSE
Post United States Attorney
Judiciary Center Building
555 4th St. N.W.
Washington, DC 20530